IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRAIG SAVAGE,                          *

    Plaintiff,                     *

       v.                       *         Civil Action No. RDB-11-2134

CENTEX/TAYLOR, LLC,                    *

    Defendant.                     *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Craig Savage ("Plaintiff" or "Savage"), initially brought this action against Defendant Centex/Taylor, LLC ("Defendant" or "Centex"), the builder of Savage's home, in the Circuit Court for Worcester County, Maryland on June 27, 2011.  Plaintiff's Complaint ("Complaint") contains seven counts alleging breach of contract for failure to construct a home with the appropriate level of care and skill (Count I), breach of contract for failure to comply with the conditions of the ten-year residential new home warranty (Count II), professional negligence (Count III), violation of the Maryland Consumer Protection Act ("CPA"), Md. Code Ann., Com Law § 13-101 *et seq.* (Count IV), as well as negligent misrepresentation (Count V), fraud by concealment/non-disclosure (Count VI), and fraud by misrepresentation in violation of Maryland common law (Count VII).

On August 2, 2011, Defendant removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Currently pending before this Court is Defendant Centex/Taylor, LLC's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Also pending

before this Court is Plaintiff Craig Savage's Motion for Leave to Amend the Complaint (ECF No. 17).[1]   The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated above, Defendant Centex/Taylor's Motion to Dismiss (ECF No. 7) is GRANTED with respect to Counts I, III, IV, V, VI and VII of the original Complaint.   Plaintiff Craig Savage's Motion for Leave to Amend the Complaint (ECF No. 17) is GRANTED with respect to his claim of a violation of implied warranties under Maryland law.   Accordingly, the Plaintiff's Complaint as amended shall proceed as a two-count complaint alleging breach of an express warranty and breach of statutory implied warranties.

## BACKGROUND

Plaintiff Craig Savage ("Plaintiff" or "Savage") is a resident of Worcester County, Maryland.  Pl.'s Compl. at ¶ 1, ECF No. 2.  Defendant Centex/Taylor, LLC ("Defendant" or "Centex") is a Delaware limited liability company in forfeiture status in the State of Maryland.   *Id.* at ¶ 2.   This action arises out of a New Home Sale Agreement ("the Agreement") for the construction and purchase of a single-family home located in Berlin, Maryland.   *Id.* at ¶¶ 4-6; *see also* Home Sale Agreement, Def.'s Mot. to Dismiss, Ex. A, ECF No. 7-2 [hereinafter Home Sale Agreement].  The Agreement was executed on June 7, 2007 by and between Savage and Centex and contains a Limitations of Liabilities and Warranties clause stipulating in pertinent part that:

---

[1] Plaintiff's First Amended Complaint purports to add factual allegations in support of Plaintiff's original claims as well as Count VIII alleging violations of the statutory implied warranties provided under section 10-203 of the Real Property Article of the Maryland Code.  Md. Code Ann., Real Prop., § 10-203.

>Following closing, Seller's obligations under this Agreement and/or in
>regard to the New Home shall be limited to those obligations
>contained in the Limited Warranty, which are for repair and
>replacement. . . . Purchaser understands and agrees that after closing,
>Seller's liability (whether in contract, in tort, by statute, in negligence,
>under any warranty, or otherwise) is limited to the remedy provided in
>the Limited Warranty.  Except with regard to causes of action under
>the Limited Warranty, no action, regardless of form, arising out of this
>transaction and/or any rights and/or obligations between the parties,
>shall be brought more than one (1) year after the cause of action has
>accrued.  All such causes of action shall be deemed to have accrued
>and the one-year statute of limitations shall begin to run no later than
>the date of closing.  The parties waive all application of the so-called
>"discovery rule." . . .

Home Sale Agreement § (D)(2); *see also* Pl.'s Compl. at ¶ 5.  In ruling on a motion to dismiss,

the factual allegations in the complaint must be accepted as true and those facts must be

construed in the light most favorable to the plaintiff.  *See, e.g.*, *E.I. du Pont de Nemours & Co. v.

Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Savage alleges that during the construction of his home, he informed Centex of an

area of concern in the home's flooring which had been accumulating water.  Pl.'s Compl. at

¶ 8.  Upon receiving this information, Centex allegedly agreed to make the necessary

adjustments.  *Id.*  Closing occurred on February 29, 2008.  *Id.* at ¶ 10.  Several months after

closing, Plaintiff alleges that he noticed and informed Centex of "cosmetic problems with

the construction of the home, such as, cracking in the grout encompassing the kitchen tiles."

*Id.* at ¶¶ 11.  Centex then allegedly inspected the home, on or about July 23, 2009, and

acknowledged that a number of floor trusses beneath the kitchen, dining and living room

areas had failed structurally.  *Id.* at ¶¶ 12-13.  Although Centex sought to repair these

structural failures, a subsequent inspections conducted by "two architectural/engineering

firms" allegedly revealed that Centex did not in fact make the repairs but caused additional damage to the interior of the home.  *Id.* at ¶¶ 14-19.

In light of the results of these investigations, Centex allegedly resumed its repairing efforts.  *Id.*  However, Savage alleges that after Centex began the extensive repairs to his home, it also started to experience financial difficulties which resulted in a "buyout by Pulte Homes."  *Id.* at 20.  At that time, according to Savage, Centex instructed him to "hire [his] own general contractor to remedy the structural problems [himself]."  *Id.* at ¶¶ 20-21.  As a result, Savage was allegedly obligated to hire different contractors "to remedy the structural problems and related damage[ ] to [his] home[,]" at the cost of "over one hundred thousand dollars."  *Id.* at ¶¶ 22-23.  Despite the work of his new contractors, Savage contends that a "considerable number of additional repairs have yet to be performed."  *Id.*

Accordingly, on June 27, 2011, Savage brought this action against Centex in the Circuit Court for Worcester County alleging breach of contract, breach of warranties, negligence, fraud and negligent misrepresentation and seeking damages in the amount of $200,000 with interest as well as reasonable attorney's fees and costs.  Pl.'s Compl., ECF No. 2.  Defendant later timely removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Notice of Removal, ECF No. 1.  The same day, Defendant also filed a Motion to Dismiss (ECF No. 7) all counts of Plaintiff's Complaint except Count II alleging breach of the Limited Warranty.  Savage then filed a Motion for Leave to Amend the Complaint (ECF No. 17) on October 5, 2011.  The Amended Complaint seeks to add additional factual allegations in support of Plaintiff's

claims as well as "an additional Count (Count VIII) pertaining solely to the statutory warranties provided by the Real Property article of the Maryland Code § 10-203." Pl.'s Mot. for Leave to Amend at ¶ 2, ECF No. 17.

## STANDARDS OF REVIEW

### I.    Motion for Leave to Amend Pursuant to Rule 15(a)

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).   Accordingly, leave should be denied only when amending the complaint would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility.   *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

### II.    Motion to Dismiss Pursuant to Rule 12(b)(1)

While Defendant filed its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is more properly construed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) because of its reliance on the one year limitations period for the accrual of causes of action contained in the Limitations of Liabilities and Warranties clause of the subject contract.   A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a complaint.   *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).   A plaintiff carries the burden of establishing subject matter

jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).   In determining whether jurisdiction exists, the district court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768–769 (4th Cir. 1991).   Motions to dismiss for lack of subject matter jurisdiction are appropriate where a claim fails to assert facts upon which jurisdiction may be based. *See Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996).

<u>ANALYSIS</u>

I.      **Plaintiff's Motion for Leave to Amend the Complaint**

Defendant contends that Plaintiff's Motion for Leave to Amend should be denied because it is not in compliance with Local Rule 103.6.d in that Plaintiff did not obtain Defendant's consent prior to filing this motion.   *See* Local Rule 103.6.d (D. Md. 2011). Defendant further argues that allowing Plaintiff to amend his Complaint would result in needless delay and amount to futility.

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).   Accordingly, leave should be denied only when amending the complaint would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility.   *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).   This Court has previously stated that "a review

for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC*, CCB-11-0986, 2012 WL 37397 at * 3 (D. Md. Jan. 5, 2012); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed,* 448 U.S. 911 (1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile." *Next Generation Grp.*, 2012 WL 37397 at *3.

In this case, Savage's First Amended Complaint provides supplement factual allegations in support of Counts I through VII. It also adds an additional count, Count VIII, alleging violations of the implied warranties provided in section 10-203 of the Real Property Article of the Maryland Code. Section 10-203 creates implied warranties applicable to every sale providing that the "improvement[2] is: (1) free from faulty materials; constructed according to sound engineering standards; (3) constructed in a workmanlike manner; and fit for habitation." Md. Code Ann., Real Prop., § 10-203(a). Moreover, the statute specifically provides that these implied warranties cannot be excluded or modified by contract. *Id.* at § 10-203(d). Finally, where breach of these warranties occurs and an action for breach is

---

[2] "Improvement( ) includes every newly constructed private dwelling unit, and fixture and structure which is made a part of a newly constructed private dwelling unit at the time of construction by any building contractor or subcontractor." Md. Code Ann., Real Prop. § 10-201(b).

brought within the two-year statute of limitations, "the court may award legal or equitable relief, or both, as justice requires." *Id.* at § 10-204(a), (d). Accordingly, Savage is entitled to bring a claim for breach of warranty under this statute. Not only is it based on a statutory right, but it arises from the same transaction and occurrence as Savage's other claims, namely out of Defendant's alleged breach of the Home Sale Agreement. As such, this Court is satisfied that Defendant will not be prejudiced by the proposed amendment, nor will it reward bad faith. Moreover, the proposed amendment is neither insufficient nor frivolous on its face as it presents a cause of action which Plaintiff is entitled to raise. Therefore, Plaintiff's Motion for Leave to Amend the Complaint is GRANTED.

Nevertheless, it is important to note that when a plaintiff files an amended complaint a defendant's previous motion to dismiss is not automatically rendered moot. *See Contreras v. Thor Norfolk Hotel, L.L.C.*, 292 F. Supp. 2d 798, 800 n.1 (E.D. Va. 2003); 6 ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2010) ("[A] defendant should not be required to file a new motion to dismiss simply because an amended pleading was introduced while [its] motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading"). Analogously, the United States Court of Appeals for the Fourth Circuit has noted that the Court has discretion to consider a pending appeal "as being addressed to [an] Amended Complaint if that complaint contain[s] the same defect raised in the . . . appeal. *Ohio River Valley Environ. Coalition, Inc. v. Timmermeyer*, 66 Fed. Appx. 468, 472 n.4 (4th Cir. 2003) (*per curiam*) (unpublished) (citing 6

CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1476 (2d ed. 1990 & Supp. 2003)).  Thus, if Savage's First Amended Complaint suffers from the same defect as its original Complaint, then Defendant's Motion to Dismiss is not moot.  This Court will, therefore, address Defendant's Motion to Dismiss below.

## II.    Defendant's Motion to Dismiss Counts I and III-VII

Defendant argues that all of Plaintiff's claims, except Count II alleging breach of the Limited Warranty, are time-barred and therefore should be dismissed.  Specifically, Centex contends that, pursuant to the Limitations of Liabilities and Warranties clause, Savage agreed that "except with regard to causes of action under the Limited Warranty, no action . . . shall be brought more than one (1) year after the cause of action has accrued."  Home Sale Agreement § D(2), ECF No. 7-2.  Defendant also contends that because "Seller's liability . . . is limited to the remedy provided in the Limited Warranty," Plaintiff has waived his right to bring claims unrelated to the Limited Warranty.  Home Sale Agreement § D(2), ECF No. 7-2.

"In Maryland, unambiguous exculpatory clauses are generally held to be valid in the absence of legislation to the contrary."  *Seigneur v. Nat'l Fitness Inst., Inc.*, 752 A.2d 631, 637 (Md. Ct. Spec. App. 2000); *see also Coutinho & Ferrostaal Inc. v. M/V Federal Rhine*, 799 F. Supp. 2d 550, 553-54 (D. Md. 2011) ("[I]n Maryland, limited liability clauses carry a presumption of validity.").  "Such contractual clauses are supported by the public policy in favor of parties' freedom to contract."  *College of Notre Dame of Maryland, Inc. v. Morabito Consultants, Inc.*, 752 A.2d 265, 271 (Md. Ct. Spec. App. 2000).  Nevertheless, the courts have

declined to enforce such clauses where (1) they purport to excuse intentional harm or harm caused by reckless, wanton, or gross negligence; (2) they are the result of "grossly unequal bargaining power"; and (3) the public interest is the subject of the transaction. *Wolf v. Ford*, 644 A.2d 522, 525-26 (Md. 1994). "This last category includes the performance of a public service obligation, e.g., public utilities, common carriers, innkeepers and public warehousemen . . . [as well as] 'patently offensive' [transactions]" held invalid by "the common sense of the entire community." *Id.* at 526. These factors are not alleged or applicable in this case.

Whether the shortened limitations period agreed upon by the parties is valid and enforceable is dispositive of Counts I and III through VII of the Complaint as amended. According to the United States Court of Appeals for the Fourth Circuit, "it is well settled that . . . a provision [imposing a time limitation on lawsuits], if reasonable in extent, is within the power of the parties and is binding upon them, even if the stipulated period is shorter than set up in the statutes of limitation otherwise applicable." *Atlantic Coast Line R. Co. v. Pope*, 119 F.2d 39, 44 (4th Cir. 1941); *see also Harbor Court Assoc. v. Leo A. Daly Co.*, 179 F.3d 147, 150-51 (4th Cir. 1999) (holding that a contractual provision agreed to by sophisticated parties and setting a differing accrual period for civil causes of action then the one imposed by statute was enforceable under Maryland law and did not contravene the public policy of the state). This Court has also held that clauses setting time limitations for the accrual of a cause of action are valid with respect to the specific claims identified in the clause. *U.S. Home Corp. v. Powers*, WMN-09-2807, 2010 WL 1328380 at * 5 (D. Md. Mar. 25, 2010)

(holding that a narrowly written survival clause only limited the time in which contract claims for breach of warranties or representations could be brought, but did not limit plaintiff's non-contractual claims).   Furthermore, Maryland state courts have upheld such time limitations in exculpatory clauses to the extent that they were not precluded by a statute.  *See, e.g. Harvey v. Northern Ins. Co. of New York*, 837 A.2d 223, 227-28 (Md. Ct. Spec. App. 2003) (enforcing the statute of limitations of a wet marine insurance policy because such policies were exempt from the general statutory prohibition against statute of limitations in insurance policies); *College of Notre Dame of Maryland, Inc. v. Morabito Consultants, Inc.*, 752 A.2d 265, 270-71 (Md. Ct. Spec. App. 2000) (holding the accrual provision in a construction contract to be unambiguous and enforceable).

It therefore follows that the one-year limitations period for the accrual of causes of action agreed upon by the parties in this case is valid and enforceable.  The Limitations of Liabilities and Warranties clause is specific and unambiguous.  In it the parties agree that Savage will have one year from the date of closing to raise causes of action, which do not arise under the Limited Warranty.  Closing occurred on February 29, 2008 and Plaintiff first brought this action in the Circuit Court for Worcester County more than three years later on June 27, 2011.  Consequently, the one year limitations period had elapsed and all of Plaintiffs claims which did not arise under the Limited Warranty were untimely.  Therefore Plaintiff's claims in Counts I, III, IV, V, VI and VII are DISMISSED WITH PREJUDICE.[3]

---

[3] Defendant also argues that Savage's fraud claims are insufficiently pled and that his tort claims fail to arise from an independent duty unrelated to the contract.  As these claims are time-barred, it is unnecessary for this Court to determine whether they satisfy the pleading requirement imposed by Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure.

While Plaintiff argues that these claims should not be dismissed because the two-year statute of limitations provided in section 10-204(d) of the Real Property Article of the Maryland Code is applicable, this statute of limitations only applies to claims "arising under this subtitle." Md. Code Ann., Real Prop., § 10-204(d). Accordingly, section 10-204(d) is not applicable to Savage's common law claims and his claims arising under the Maryland Consumer Protection Act.

## III.     Additional Count Alleged in Amended Complaint

In Count VIII[4] of the First Amended Complaint, Plaintiff alleges violations of the implied warranties created by section 10-203 of the Real Property Article of the Maryland Code. As stated above, section 10-203 creates implied warranties under Maryland law applicable to the sale of a newly constructed dwelling as well as the fixture and structure it includes. Md. Code Ann., Real Prop., § 10-201(b), 10-203(a). These implied warranties cannot be excluded or modified by contract. *Id.* at § 10-203(d). Thus, Defendant's contention that Savage is limited to the remedy expressly provided in the Limited Warranty is incorrect as Maryland legislation specifically provides otherwise. *See Seigneur*, 752 A.2d at 637. Accordingly, Savage may bring claims for breach of the implied warranties created by section 10-203 against Defendant so long as they are brought before the two-year statute of limitations period expires. Md. Code Ann., Real Prop., § 10-204.

The statute begins to run "after the defect was discovered or should have been discovered or within two years after the expiration of the warranty, whichever occurs first."

---

[4] Based upon this Court's ruling this Count will become Count II.

*Id.* "An amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15 (c)(1)(a). While Maryland law does not explicitly provide for the relation back of section 10-204, the courts' of Maryland have indicated that where an original complaint is filed within the two-year statutory period, an amended complaint with breach of warranty claims under section 10-203 would relate back. *See generally Gensler v. Korb Roofers, Inc.*, 378 A.2d 180 (Md. Ct. Spec. App. 1977) and *Bay State Insurance Co. v. Hill*, 368 A.2d 1024 (Md. Ct. Spec. App. 1977) (holding that breach of implied warranty claims under section 10-203 brought in amended pleadings were time-barred because the original complaint was filed after the two-year statute of limitations had expired).

Savage filed his original complaint on June 27, 2011 and alleges that the damage to the trusses was discovered by Defendant on July 23, 2009. Consequently, Plaintiff's claim for breach of the section 10-203 implied warranties in Count VIII is not time-barred. As such, Count II and Count VIII remain pending against Defendant.

<u>CONCLUSION</u>

For the reasons stated above, Defendant Centex/Taylor's Motion to Dismiss (ECF No. 7) is GRANTED with respect to Counts I, III, IV, V, VI and VII of the original Complaint.  Plaintiff Craig Savage's Motion for Leave to Amend the Complaint (ECF No. 17) is GRANTED with respect to his claim of a violation of implied warranties under Maryland law.  Accordingly, the Plaintiff's Complaint as amended shall proceed as a two-count complaint alleging breach of an express warranty, as originally set forth in Count II, and breach of statutory implied warranties, as originally set forth in Count VIII of the Amended Complaint.

A separate Order follows.

Dated: March 19, 2012                    /s/_____
                                         Richard D. Bennett
                                         United States District Judge

14